UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL CHRISTY SUMNER,

    Plaintiff,                                                   No. 17-13242

v.                                                              Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 2, 2019 REPORT AND RECOMMENDATION [14]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying her application for supplemental security income. The Court referred the matter to the Magistrate Judge, who recommends denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (Dkt. 14.) Plaintiff filed two objections to the Magistrate Judge's report and recommendation on January 16, 2019, and the Commissioner filed a response to Plaintiff's objections on January 30, 2019. (Dkts. 15, 16.) Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation. As a result, the Court DENIES Plaintiff's motion for summary judgment (Dkt. 10); GRANTS Defendant's

1

motion for summary judgment (Dkt. 13); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

## II. Standard of Review

### A. *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

### B. Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of

choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## III. Analysis

Plaintiff makes two objections to the Magistrate Judge's report and recommendation. First, Plaintiff argues the Magistrate Judge erred when he found that the administrative law judge's ("ALJ") decision was supported by substantial evidence. Second, Plaintiff argues the Magistrate Judge erred when he found that the ALJ had properly accounted for Plaintiff's mental health limitations within her residual functional capacity ("RFC").

The Court first notes that Plaintiff is primarily rehashing arguments she previously raised in her motion for summary judgment.

> This Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.

*Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). Nonetheless, the Court has reviewed the parts of the Magistrate Judge's report to which specific objections have been filed. The Court agrees with the Magistrate Judge.

### A. Whether the ALJ's Decision was Supported by Substantial Evidence

Plaintiff's rather cursory arguments regarding whether the ALJ's decision was supported by substantial evidence suggest the ALJ substituted her own medical

judgment for that of the physician and did not base her decision on the testimony and medical evidence in the record.

As a threshold matter, the Court notes that the Sixth Circuit has "rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ." *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) (unpublished). To impose such a requirement "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (unpublished) (internal quotation marks and citation omitted).

The ALJ concluded that Plaintiff retains the ability to perform sedentary work, (tr. 15), which is the most restrictive of the physical exertional levels, *see* 20 C.F.R. § 416.967. The ALJ also placed the following additional restrictions on Plaintiff's RFC: she can only lift and carry 5 pounds; she can have no exposure to extreme temperatures or hazardous machinery, unprotected heights, or ladders, ropes or scaffolds; she can only read typical newspaper print but not smaller print; she can perform simple, routine tasks involving simple 1, 2, 3 instructions and simple work-related decisions with few work place changes. (Tr. 15.) As the Commissioner points out in in its response, this conclusion was partially supported by the opinion of the state agency physician, and in fact, the ALJ's RFC was more restrictive than that of the state agency physician. (*See* Tr. 19.)

The Court finds that the ALJ properly considered the relevant evidence in the record in assessing Plaintiff's RFC. As the Magistrate Judge stated, the ALJ noted that the record showed that Plaintiff's physical limitations were not as severe as she alleged. (*See* Tr. 17.) For example, despite her allegations of severe leg, foot, and back pain, there was evidence she exercised regularly by walking and riding her bike, (*e.g.*, tr. 502), her examination results were normal, (*e.g.*, tr. 434-35), and she admitted not taking pain medication, (*e.g.*, tr. 44). Similarly, with regard to her mental RFC, the ALJ found that despite her diagnosis of depression, she had reported improvement with the use of medication, (*e.g.*, tr. 44); she engaged in household chores, traveling, shopping, paying her bills, and handling her finances, (*e.g.*, tr. 47-49, 179); and she could get along with others and maintain attention, (*e.g.*, tr. 180-82). In sum, the Court agrees with the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence.

### B. Whether the ALJ Properly Considered Plaintiff's Mental Health

Plaintiff argues that the ALJ did not properly consider Plaintiff's testimony and the medical documentation regarding her mental health when assessing her RFC. The ALJ recognized, however, that Plaintiff's affective disorder was severe, (tr. 13), and considered the impact of that mental health impairment on her ability to work, (tr. 17-19). As a result, the ALJ limited Plaintiff to routine tasks involving no more than simple, short instructions and simple work-related decisions with few work place changes.

Moreover, as the Magistrate Judge noted, Plaintiff has not provided anything beyond her own allegations that additional restrictions should be imposed within her

RFC; and, in fact, she does not state what those restrictions should be, but rather suggests "that the ALJ *could have* included more restrictive limitations." See dkt. 14, Pg ID 862 (citing *Berry v. Comm'r of Soc. Sec.*, No. 16-10548, 2016 U.S. Dist. LEXIS 181174, at *31 (E.D. Mich. Dec. 8, 2016) (emphasis in original)). In any case, the ALJ addressed Plaintiff's allegations regarding the severity of her symptoms, finding them not credible in light of the evidence in the record. As discussed above, the ALJ noted that Plaintiff reported her depression improved with the use of medication, she engaged in a wide range of daily activities, and she could get along with others. Moreover, the record showed she had intact mood and affect. (*See, e.g.*, tr. 323, 326, 337.) In sum, the ALJ properly considered and assessed the evidence regarding Plaintiff's mental health and did not "mischaracterize" Plaintiff's depression. Plaintiff has not demonstrated any error in the Magistrate Judge's report and recommendation.

## IV. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. The Court therefore DENIES Plaintiff's motion for summary judgment (Dkt. 10); GRANTS Defendant's motion for summary judgment (Dkt. 13); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

                                                s/Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: March 25, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2019, by electronic and/or ordinary mail.

                                              <u>s/Lisa Bartlett</u>
                                              Case Manager